```
              IN THE UNITED STATES DISTRICT COURT

                   FOR THE DISTRICT OF HAWAII

DAVID EMORY BALD and EMILY     )   CIVIL NO. 13-00135 LEK-KSC
LELIS, individually and on     )
behalf of all others           )
similarly situated,            )
                               )
          Plaintiffs,          )
                               )
     vs.                       )
                               )
WELLS FARGO BANK, N.A., a      )
national banking association;  )
THE LAW OFFICE OF DAVID        )
ROSEN, A LAW CORPORATION, a    )
Hawaii professional            )
corporation; DAVID B. ROSEN,   )
individually; and DOE          )
DEFENDANTS 1-50,               )
                               )
          Defendants.          )
_____)
```

**ORDER GRANTING DEFENDANT WELLS FARGO BANK, N.A.'S
EX PARTE MOTION UNDER L.R. 40.2 TO ASSIGN
<u>SIMILAR CASE TO A SINGLE DISTRICT COURT JUDGE</u>**

Before the Court is Defendant Wells Fargo Bank, N.A.'s ("Wells Fargo") Ex Parte Motion under L.R. 40.2 to Assign Similar Case to a Single District Court Judge ("Motion"), filed May 8, 2013. [Dkt. no. 18.] Defendants the Law Office of David B. Rosen, a Law Corporation, and David B. Rosen ("the Rosen Defendants") filed a statement of position on May 8, 2013. [Dkt. no. 19.] Plaintiffs David Emory Bald and Emily Lelis, individually and on behalf of all others similarly situated ("Plaintiffs"), filed their memorandum in opposition on May 20, 2013, and Wells Fargo filed its reply on May 28, 2013. [Dkt.

nos. 28, 30.]  The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules").  After careful consideration of the Motion, supporting and opposing memoranda, and the relevant legal authority, Wells Fargo's Motion is HEREBY GRANTED for the reasons set forth below.

## BACKGROUND

Plaintiffs filed this purported class action on September 7, 2012 in state court.  [Notice of Removal, filed 3/20/13 (dkt. no. 1), Exh. 3 (Complaint).]  Plaintiffs state that they bring this action on behalf of a class consisting of themselves and all similarly situated

> "consumers" within the meaning of H.R.S. Chapter 480 who owned real property in the State of Hawaii and who were subjected to a notice of non-judicial foreclosure sale under H.R.S. §§ 667-5 *et seq.* by or on behalf of Defendant WELLS FARGO, claiming the rights of a foreclosing mortgagee with a power of sale, whose property was sold on or after July 23, 2008, and, with respect to the notice of sale, Defendant WELLS FARGO:
>
> (a)  advertised that, as part of the terms of sale, the foreclosing mortgagee would convey the foreclosed property to the high bidder at the public auction through a "quitclaim" conveyance and/or without any covenants or warranties of title; and
>
> (b)  caused the sale or transfer of the foreclosed property as a proximate result of the notice of sale.

[Id. at ¶ 12.]  The class includes a subclass of class members

"whose non-judicial auction sale was not held at a date and time specified in any published notice." [Id. at ¶ 13.]  Plaintiffs allege that the class consists of over 500 property owners whose property was subjected to a non-judicial foreclosure process by or on behalf of Wells Fargo.  Further, Plaintiffs allege that Wells Fargo wrongfully exercised its power of sale in those foreclosures.  [Id. at ¶¶ 11, 15.]  Plaintiffs allege that Wells Fargo and the Rosen Defendants: violated Haw. Rev. Stat. § 667-5; committed unfair and deceptive acts or practices within the meaning of Haw. Rev. Stat Chapter 480; and breached the class members' mortgage contracts.

Wells Fargo removed this action on March 20, 2013 pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2).  [Notice of Removal at ¶ 11.]  The Rosen Defendants filed a motion to dismiss on March 21, 2013, and Wells Fargo filed a motion to dismiss on March 27, 2013.  [Dkt. nos. 5, 8.]

In the instant Motion, Wells Fargo asks that this case be reassigned to Chief United States District Judge Susan Oki Mollway and United States Magistrate Judge Richard L. Puglisi because, at the time Wells Fargo filed the Motion, they were presiding over two substantively identical cases - Gibo v. U.S. Bank National Ass'n, et al., CV 12-00514 SOM-RLP, and Lima v. Deutsche Bank National Trust Co., et al., CV 12-00509 SOM-RLP. The Rosen Defendants state that they do not believe reassignment

is necessary, but they do not oppose the Motion, as long as this Court does not alter the briefing schedule on the Rosen Defendants' motion to dismiss.[1]  Plaintiffs oppose reassignment.

## DISCUSSION

Wells Fargo seeks reassignment of the instant case to Chief Judge Mollway and Magistrate Judge Puglisi pursuant to Local Rule 40.2, which provides, in pertinent part:

> Whenever it shall appear that civil actions or proceedings involve the same or substantially identical transactions, happenings, or events, or the same or substantially the same parties or property or subject matter, or the same or substantially identical questions of law, or for any other reason said cases could be more expeditiously handled if they were all heard by the same judge, then the chief district judge or any other district judge appointed by the chief district judge in charge of the assignment of cases may assign such cases to the same judge. Each party appearing in any such action may also request by appropriate motion that said cases be assigned or reassigned to the same judge.

This Court emphasizes that reassignment pursuant to Local Rule 40.2 presents an even less rigorous standard than consolidation pursuant to Fed. R. Civ. P. 42(a).  See, e.g., Matubang v. City & Cnty. of Honolulu, Civil Nos. 09-00130 ACK-KSC, 2010 WL 1850184,

---

[1] The Rosen Defendants' motion to dismiss and Wells Fargo's motion to dismiss were originally set for hearing before this Court on June 3, 2013.  Plaintiffs filed a memorandum in opposition to each motion on May 13, 2013.  [Dkt. nos. 23, 24.]  The Rosen Defendants and Wells Fargo filed their respective replies on May 20, 2013.  [Dkt. nos. 26, 27.]  On May 21, 2013, this Court vacated the hearing on the motions to dismiss pending its ruling on the instant Motion.  [Dkt. no. 29.]

4

at *18 (D. Hawai`i May 7, 2010) (noting that: trial courts have broad discretion in deciding a motion to consolidate; consolidation is typically favored; and the trial court "weighs the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause" (citing Huene v. United States, 743 F.2d 703, 703 (9th Cir. 1984))). Thus, in considering the instant Motion, this Court declines to consider whether any party has engaged in gamesmanship or judge shopping or whether potentially conflicting decisions in these cases could be beneficial to the bar and the public in general.

      Having reviewed the relevant pleadings, this Court finds that the instant case addresses the same or substantially identical transactions, happenings, or events as those addressed in Lima and Gibo, and this Court further finds that the instant case raises the same or substantially identical questions of law raised in Lima and Gibo.  The purported class in Lima was substantially identical to the purported class in the instant case:

> All consumers within the meaning of H.R.S. Chapter 480 who owned real property in Hawaii and who were subjected to a notice of foreclosure sale under H.R.S. § 667-5 by or on behalf of DEUTSCHE BANK claiming the rights of a mortgagee with a power of sale wherein the notice of sale was published on or after June 4, 2008, and with respect to said notice of sale DEUTSCHE BANK:
>
> (a)   advertised the sale as being the sale of a quitclaim deed or equivalent; and

        (b)    caused the sale or transfer of the property as a proximate result of the notice of sale.

[Lima, CV 12-00509 SOM-RLP, First Amended Complaint at ¶ 10.[2]] The First Amended Complaint in Gibo contained a virtually identical definition of the purported class. [Gibo, CV 12-00514 SOM-RLP, First Amended Complaint at ¶ 10.[3]] Lima and Gibo each had the same purported subclass as in the instant case. [Lima, First Amended Complaint at ¶ 11; Gibo, First Amended Complaint at ¶ 11.]

    Further, the questions of law and fact common to the plaintiffs and the purported classes in Lima and Gibo were virtually identical to the questions of law and fact common to Plaintiffs and the purported class in the instant case. Compare Complaint at ¶ 17, with Lima First Amended Complaint at ¶ 15, and Gibo First Amended Complaint at ¶ 15.

    In a joint order granting Deutsche Bank National Trust Company's motion to dismiss in Lima and U.S. Bank National Association's motion to dismiss in Gibo, Chief Judge Mollway

---

[2] The Notice of Removal in Lima, filed in this district court on September 10, 2012, is attached to the instant Motion as Exhibit 3 to the Declaration of J. Blaine Rogers ("Rogers Declaration"), and the Lima First Amended Complaint, filed in the state court on September 10, 2012, is Exhibit B to the Notice of Removal. [Dkt. no. 18-5 at 33-53.]

[3] The Notice of Removal in Gibo, filed in this district court on September 12, 2012, is attached to the instant Motion as Exhibit 5 to the Rogers Declaration, and the Gibo First Amended Complaint, filed in the state court on September 6, 2012, is Exhibit A to the Notice of Removal. [Dkt. no. 18-7 at 35-55.]

stated that the two cases "raise[d] nearly identical issues" and that she considered the two motions together "in the interest of efficiency."  Lima v. Deutsche Bank Nat'l Trust Co., Civil Nos. 12-00509 SOM/RLP, 2013 WL 1856255, at *1 (D. Hawai`i Apr. 30, 2013).  Similarly, the instant case raises nearly identical issues to those raised in Lima and Gibo, and it would be in the interests of efficiency for the same district judge and magistrate judge who presided over Lima and Gibo to preside over the instant case.  It is irrelevant that Lima and Gibo are no longer pending.  [Lima, CV 12-00509 SOM-RLP, Judgment, filed 5/23/13 (dkt. no. 85); Gibo, CV 12-00514 SOM-RLP, Judgment, filed 5/23/13 (dkt. no. 104).]  This Court finds that Chief Judge Mollway and Magistrate Judge Puglisi could handle the instant case more expeditiously than other judges because of their previous experience with Lima and Gibo.  This Court therefore FINDS that reassignment is appropriate pursuant to Local Rule 40.2.

## CONCLUSION

On the basis of the foregoing, Wells Fargo's Ex Parte Motion under L.R. 40.2 to Assign Similar Case to a Single District Court Judge, filed May 8, 2013, is HEREBY GRANTED.  The Court DIRECTS the Clerk's Office to reassign this case, including all pending motions in the instant case, to Chief United States District Judge Susan Oki Mollway and United States Magistrate

Judge Richard L. Puglisi.

    IT IS SO ORDERED.

    DATED AT HONOLULU, HAWAII, June 5, 2013.



      /S/ Leslie E. Kobayashi
      Leslie E. Kobayashi
      United States District Judge

**DAVID EMORY BALD, ET AL.  V. WELLS FARGO BANK, N.A., ET AL; CIVIL NO. 13-00135 LEK-KSC; ORDER GRANTING DEFENDANT WELLS FARGO BANK, N.A.'S EX PARTE MOTION UNDER L.R. 40.2 TO ASSIGN SIMILAR CASE TO A SINGLE DISTRICT COURT JUDGE**