IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DAVID EMORY BALD; EMILY LELIS,<br><br>        Plaintiffs,<br><br>  vs.<br><br>WELLS FARGO BANK, N.A.;<br>THE LAW OFFICE OF DAVID<br>B. ROSEN; DAVID B. ROSEN;<br>DOE DEFENDANTS 1-50,<br><br>      Defendants. | Civil No. 13-00135 SOM-KSC<br><br>FINDINGS AND<br>RECOMMENDATION TO DENY<br>DEFENDANTS THE LAW OFFICE<br>OF DAVID B. ROSEN, A LAW<br>CORPORATION AND DAVID B.<br>ROSEN'S MOTION FOR RULE 11<br>SANCTIONS |

FINDINGS AND RECOMMENDATION TO DENY DEFENDANTS
THE LAW OFFICE OF DAVID B. ROSEN, A LAW CORPORATION
AND DAVID B. ROSEN'S MOTION FOR RULE 11 SANCTIONS

Before the Court is Defendants The Law Office of David B. Rosen, a Law Corporation and David B. Rosen's (collectively "Defendants") Motion for Rule 11 Sanctions ("Motion"), filed June 6, 2013. Plaintiffs David Bald and Emily Lelis (collectively "Plaintiffs") filed an Opposition on July 25, 2013. On August 1, 2013, Defendants filed a Reply. Initially, this Court held a hearing on August 15, 2013. However, the Court deferred ruling because the same Rule 11 sanctions issue had been determined and was pending further

disposition in the following related cases:  Civil No. 12-00509 SOM-RLP and Civil No. 12-00514 SOM-RLP ("Gibo and Lima cases").

On November 14, 2013, Defendants filed a Notice of Intent to Rely on Uncited Authorities Regarding the Motion.  That same day, the Court held a further hearing on the Motion.  Van-Alan Shima, Esq., and John Perkin, Esq., appeared on behalf of Plaintiffs.  David Rosen, Esq., appeared on behalf of Defendants.  After careful consideration of the Motion, the supporting and opposing memoranda, and the arguments of counsel, the Court HEREBY RECOMMENDS that the Motion be DENIED.

BACKGROUND

As the Court and the parties are familiar with the history of this case, the Court includes only those facts relevant to the disposition of this Motion.

On July 23, 2012, Plaintiffs commenced the present action in the Circuit Court of the First Circuit, State of Hawaii.  Defendant Wells Fargo Bank, N.A. removed the action on March 20, 2013.  Defendants and Wells Fargo subsequently filed motions to dismiss.

2

On July 1, 2013, Plaintiffs dismissed
Defendants from the action.

On July 25, 2013, Chief U.S. District Judge
Susan Oki Mollway issued an Order Granting Wells
Fargo's Motion to Dismiss.  Defendants' motion to
dismiss was denied as moot given their dismissal from
the case.

### DISCUSSION

Defendants concede that the claims asserted in
the Gibo and Lima actions are identical to those
asserted in this action.  In the Gibo and Lima actions,
Defendants filed motions for Rule 11 sanctions that
were denied.  On October 30, 2013, Chief Judge Mollway
issued an Order Modifying the Magistrate Judge's
Findings and Adopting Recommendation that Motions for
Rule 11 Sanctions be Denied ("Rule 11 Order") in Gibo
and Lima.

Notwithstanding the Rule 11 Order, Defendants
argue that sanctions should issue in this case.
Defendants point to several state court cases to
support their position that Plaintiffs' claims are

3

baseless and frivolous, and that sanctions are
warranted here, even though sanctions did not issue in
the Gibo and Lima cases.

As noted by Chief Judge Mollway, sanctions are
reserved "for the rare and exceptional case where the
action is clearly frivolous." Operating Eng'rs Pension
Trust v. A-C Co., 859 F.2d 1336, 1345 (9th Cir. 1988).
Given that the claims asserted here are identical to
those asserted in Gibo and in Lima, based on the record
presented, there is no legal basis to deviate from
Chief Judge Mollway's determination that Plaintiffs'
claims are not baseless or frivolous, and that this is
not the "rare and exceptional case" that justifies the
imposition of Rule 11 sanctions.

The fact that state court judges may have
dismissed similar claims is not determinative here
because Chief Judge Mollway has not made a finding of
frivolousness.  Absent such a finding, the imposition
of sanctions would be improper.  Moreover, the facts
distinguishing this case from Gibo and Lima, i.e. the
delay in service and the benefit of orders issued in

4

<u>Gibo</u> and <u>Lima</u>, do not compel a recommendation that is at odds with the Rule 11 Order, as these differences do not transform the claims into frivolous claims.

Simply put, this Court cannot disregard Judge Mollway's thorough and well-reasoned Rule 11 Order. Having handled this, along with the <u>Gibo</u> and <u>Lima</u> cases, she is in the best position to evaluate the propriety of the claims.  Without specific legal findings that the same claims asserted in <u>Gibo</u> and <u>Lima</u> are now frivolous, the Court declines to impose Rule 11 sanctions.

Although the Court has found that Rule 11 sanctions are not warranted, counsel for the parties are reminded of their obligation to comply with the Hawaii Rules of Professional Conduct, as well as their obligation to treat one another, and others, with civility and courtesy at all times.  If Mr. Rosen's description of a telephone conversation which he allegedly had with Mr. Perkin is true and accurate, the conversation is at best disappointing and disparaging of the profession.

<u>CONCLUSION</u>

In accordance with the foregoing, the Court HEREBY FINDS AND RECOMMENDS that Defendants' Motion for Rule 11 Sanctions, filed June 6, 2013, be DENIED.

IT IS SO FOUND AND RECOMMENDED.

DATED:  Honolulu, Hawaii, November 15, 2013.



_____
Kevin S.C. Chang
United States Magistrate Judge


CV 13-00135 SOM-KSC; <u>Bald, et al. v. Wells Fargo Bank, N.A., et al.</u>; FINDINGS AND RECOMMENDATION TO DENY DEFENDANTS THE LAW OFFICE OF DAVID B. ROSEN, A LAW CORPORATION AND DAVID B. ROSEN'S MOTION FOR RULE 11 SANCTIONS