IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DAVID EMORY BALD, EMILY LELIS,<br><br>        Plaintiffs,<br><br>    vs.<br><br>WELLS FARGO BANK, N.A.; THE LAW OFFICE OF DAVID B. ROSEN, a Hawaii professional corporation; DAVID B. ROSEN, individually; et al.,<br><br>        Defendants. | CIVIL. NO. 13-00135 SOM/KSC<br><br>ORDER ADOPTING THE MAGISTRATE JUDGE'S FINDINGS AND ADOPTING RECOMMENDATION THAT MOTION FOR RULE 11 SANCTIONS BE DENIED |

**ORDER ADOPTING THE MAGISTRATE JUDGE'S FINDINGS AND ADOPTING RECOMMENDATION THAT MOTION FOR RULE 11 SANCTIONS BE DENIED**

**I.      INTRODUCTION.**

Before the court is a ruling by the Magistrate Judge declining to issue sanctions under Rule 11 of the Federal Rules of Civil Procedure against Plaintiffs David Emory Bald and Emily Lelis (collectively, "Plaintiffs") and their attorneys.  The Magistrate Judge's ruling addresses a motion for sanctions filed by Defendants The Law Offices of David B. Rosen and David B. Rosen (collectively, "Rosen Defendants") in Bald v. Wells Fargo Bank, CIV. 13-00135 SOM/KSC, 2013 WL 3864449 (D. Haw. 2013). This court adopts in full the Magistrate Judge's findings and his recommendation that Rule 11 sanctions be denied.

## II.     BACKGROUND

A full recitation of the facts in this case is provided in this court's order granting Wells Fargo's motion to dismiss.  See Bald v. Wells Fargo Bank, CIV. 13-00135 SOM/KS, 2013 WL 3864449 (D. Haw. July 25, 2013); ECF No. 45.

In summary, Plaintiffs owned properties that were foreclosed upon by Wells Fargo N.A.  The Rosen Defendants provided legal representation to Wells Fargo in the foreclosure proceedings.

Plaintiffs' claims against Wells Fargo and the Rosen Defendants revolved around two assertions: first, that Wells Fargo breached a duty to Plaintiffs by advertising foreclosure sales through which only quitclaim deeds would be provided; and second, that Wells Fargo violated section 667-5 of Hawaii Revised Statutes, and the terms of their mortgage agreement with Plaintiffs, by failing to publish notices of the postponements of the foreclosure auctions.  ECF No. 45.

Plaintiffs filed their First Amended Complaint in state court on September 7, 2012, and the case was removed to federal court on March 20, 2013.  ECF No. 1.  On October 10, 2012, counsel for the Rosen Defendants served Plaintiffs' attorneys with a "safe harbor" letter pursuant to Rule 11(c)(2), informing Plaintiffs of the Rosen Defendants' intention to bring a motion for sanctions and giving Plaintiffs 21 days to withdraw

their claims against the Rosen Defendants.  See ECF No.33-8. The Rosen Defendants subsequently sent two further Rule 11 letters.  See ECF No. 33-6; ECF No. 33-7.  Plaintiffs initially refused to amend or withdraw their claims against the Rosen Defendants.

On June 06, 2013, the Rosen Defendants filed their motion for Rule 11 sanctions.  ECF No. 33.  On July 1, 2013, before this court had heard argument on the Rosen Defendants' motion to dismiss, Plaintiffs dismissed the Rosen Defendants from the lawsuit.  ECF No. 40.  Given the Rosen Defendants' dismissal from this case, this court denied their motion to dismiss as moot.  ECF No. 45.  The Rosen Defendants' motion for Rule 11 sanctions, however, remained before the Magistrate Judge.

The suit by Bald and Lelis was not the only matter in which the Rosen Defendants were sued for their role in a mortgage foreclosure sale.  Parallel to this proceeding, the Rosen Defendants were sued in two cases that raised nearly identical legal issues--Civil No. 12-00509 SOM-RLP and Civil No. 12-00514 SOM-RLP (the "Gibo and Lima cases").  See Lima v. Deutsche Bank Nat. Trust Co., Civ. No. 12-00509, 2013 WL 1856255 (D. Haw. Apr. 30, 2013).  The Rosen Defendants moved for Rule 11 sanctions in the Gibo and Lima cases, and the Magistrate Judge deferred ruling on sanctions in the instant case until this

court had considered the motions in Gibo and Lima.  This court denied the Rosen Defendants' motion for Rule 11 sanctions in the Gibo and Lima cases.  See Lima v. Deutsche Bank Nat. Trust Co., Civ. 12-00509 SOM, 2013 WL 5890662 (D. Haw. Oct. 30, 2013). Relying on this court's ruling, the Magistrate Judge issued an F & R, recommending that the court similarly deny the Rosen Defendants' motion in this case.  ECF No. 63.

### III.     STANDARD OF REVIEW.

Under Local Rule 72.9, post-judgment motions for sanctions are automatically referred to a magistrate judge, who then "shall submit to a district judge findings and recommendations."  L.R. 72.9.  This court must review the findings and recommendations in accordance with Local Rule 74.2, which requires this court to "make a de novo determination of those portions of the report . . . to which objection is made." L.R. 74.2.  The de novo standard requires the district court to consider a matter anew and arrive at its own independent conclusions.  See United States v. Remsing, 874 F.2d 614, 617 (9th Cir.1989).  This court may accept, reject, or modify, in whole or in part, the findings or recommendations.  Id.

### IV.     RULE 11 LEGAL STANDARD.

Rule 11(b) of the Federal Rules of Civil Procedure requires parties to "certif[y] that to the best of the[ir]

knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," the following:

> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; [and]
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . . .

Fed. R. Civ. P. 11(b). Rule 11 applies to all pleadings and written motions filed with the court. Fed. R. Civ. P. 11(a).

If the court determines that Rule 11(b) has been violated, "the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c). When Rule 11 sanctions are party-initiated, the burden is on the moving party to demonstrate why sanctions are justified. See Tom Growney Equip., Inc. v. Shelley Irr. Dev., Inc., 834 F.2d 833, 837 (9th Cir. 1987); cf. United Nat. Ins. Co. v. R&D Latex Corp., 242 F.3d 1102, 1116 (9th Cir. 2001) (holding that "*sua sponte* sanctions will ordinarily be imposed only in situations that are akin to a contempt of court").

Rule 11 sanctions may appropriately be imposed on the signer of a court filing if it "is filed for an improper purpose, or . . . [is] frivolous." Townsend v. Holman Consulting Corp.,

Case 1:13-cv-00135-SOM-KSC   Document 66   Filed 12/10/13   Page 6 of 13     PageID #: 2246

929 F.2d 1358, 1362 (9th Cir. 1990) (en banc).  The Ninth Circuit uses the word "frivolous" as shorthand to denote a filing that is "both baseless and made without a reasonable and competent inquiry."  Id.  "The standard governing both inquiries is objective."  Id.  In other words, a court must decide whether "a reasonable attorney [would] have believed plaintiffs' complaint to be well-founded . . . based on what a reasonable attorney would have known at the time."  In re Keegan Mgmt. Co., Sec. Litig., 78 F.3d 431, 434 (9th Cir. 1996).  The "baseless" and "reasonable inquiry" requirements are conjunctive, not disjunctive.  Therefore, "[a]n attorney may not be sanctioned for a [filing] that is not well-founded, so long as she conducted a reasonable inquiry."  Id.  By the same token, a signer cannot "be sanctioned for a complaint which is well-founded, solely because she failed to conduct a reasonable inquiry[.]"  Id.  Indeed, "[b]ecause the frivolousness prong of Rule 11 is measured by objective reasonableness, whether [a party] actually relied on the cases which show its claims aren't frivolous is irrelevant."  Id. (internal citations omitted).

     "Rule 11 is an extraordinary remedy, one to be exercised with extreme caution."  Operating Engineers Pension Trust v. A-C Co., 859 F.2d 1336, 1345 (9th Cir. 1988).  Sanctions are reserved "for the rare and exceptional case where the action is clearly frivolous . . . ."  Id. at 1344.

6

**V.     ANALYSIS.**

The Magistrate Judge noted that "the claims asserted [in this case] are identical to those asserted in Gibo and in Lima." ECF No. 63.  Therefore, the Magistrate Judge concluded that there was "no legal basis to deviate from [this court's] determination [in Gibo and Lima) that Plaintiffs' claims are not baseless or frivolous, and that this is not the 'rare and exceptional case' that justifies the imposition of Rule 11 sanctions."  Id.  The Rosen Defendants object to the Magistrate Judge's reliance on this court's denial of sanctions in Lima and Gibo, not because they point to any factual or legal differences in the cases, but because they contend that the "decision and the reasoning behind [this court's] order . . . was flawed."  ECF No. 64.

The Rosen Defendants' primary argument in favor of sanctions, both here and in Gibo and Lima, is that it was baseless for Plaintiffs to assert that section 667-5 of Hawaii Revised Statutes requires banks to provide written notice of postponement when selling properties subject to foreclosure.  In its order denying sanctions in Gibo and Lima, this court noted:

> The Rosen Defendants argue that Plaintiffs'
> claims against them are frivolous because
> section 667-5 of Hawaii Revised Statutes
> places no obligation on the Rosen Defendants
> to publish a new written notice for each
> postponement.  Section 667-5 requires an
> attorney to advertise any postponement of a
> sale through "public announcement."  While

7

> this court found in its dismissal order that "no statute, contract provision, or case authority equates 'announcement' with 'publication'," that does not mean that Plaintiffs' argument was wholly implausible. As the Ninth Circuit has noted, "Neither HRS § 667-5 nor Hawaii case law defines the term 'public announcement.'" In re Kekauoha-Alisa, 674 F.3d 1083, 1088 (9th Cir. 2012). It is therefore not "baseless" to suggest that the required public announcement be written as opposed to oral.

Lima, 2013 WL 5890662, at *7.

The Rosen Defendants argue that this court's reasoning gave too little weight to what they describe as a "solid line of federal case law from within the Ninth Circuit that was directly on point." ECF No. 64. The Rosen Defendants argue that this "solid line" of case law was binding on this court, and therefore it was frivolous for Plaintiffs to press their claims in the face of such controlling precedent. However, the Rosen Defendants, as they did in Gibo and Lima, point only to a bankruptcy court case decided in 2007. In re Kanamu-Kalehuanani Kekauoha-Alisa, 05-01215, 2007 WL 1752266 (Bankr. D. Haw. June 15, 2007). As this court stated in its Gibo and Lima order, "neither that case, nor the Bankruptcy Appellate Panel's affirmance of that part of the order, In re Kekauoha-Alisa, 407 B.R. 442 (B.A.P. 9th Cir. 2009), is binding on this court, and Plaintiffs were entitled to explore whether this court was persuaded by those authorities." Lima, 2013 WL 5890662, at *7.

The Rosen Defendants do not appear to dispute this conclusion. However, they argue that the Bankruptcy Court's definition of "public announcement" was "explicitly adopted by the Ninth Circuit" in In re Kekauoha-Alisa, 674 F.3d 1083 (9th Cir. 2012), which was an appeal of a *different order* in the same bankruptcy case. The Bankruptcy Court's order holding that written announcements were not required by Section 667-5 was *not* appealed to the Ninth Circuit. Instead, as this court pointed out in its Gibo and Lima order, the order that was appealed involved the question of whether several "private conversations" constitute a "public announcement" within the meaning of section 667-5.

In that context, the Ninth Circuit panel made the following observation, which forms the bedrock of the Rosen Defendants' objection:

> The bankruptcy court turned to the dictionary, noting that Merriam-Websters defines "announce" as "to make known publicly: PROCLAIM" and "announcement" as "public notification or declaration." No party suggests a different definition, and this interpretation captures the essence of what the statute requires: Mortgagees shall publicly announce the postponement of a foreclosure sale to a subsequent date.

The Rosen Defendants' sole objection to this court's reasoning in its Gibo and Lima order is that it deemed the Ninth Circuit to only be deciding the question of whether private conversations constituted "public announcements," when, in fact,

9

the Rosen Defendants believe the panel "went considerably farther than that, by explicitly adopting the bankruptcy court's definition of 'public announcement.'" ECF No. 64.

However, even if that dubious proposition were correct, the Bankruptcy Court's quoted definition sought only to distinguish between "private" and "public" announcements, not between oral and written notice. The Rosen Defendants appear to be saying that a Court of Appeals *sub silencio* adopts all of the statutory *holdings* of a lower court, even on collateral issues and on questions not appealed, simply by speaking approvingly of a portion of the lower court's statutory interpretation.

First, as a matter of pure language, there is nothing in the excerpted section of the panel's order stating unequivocally that oral announcements are permissible and that written announcements are not required. Hence, nothing in the Ninth Circuit's opinion--nor even anything in the appealed Bankruptcy Court order--compels the conclusion that oral notice is sufficient.

More fundamentally, the question of whether the announcement had to be written was simply not before the Ninth Circuit. Even if the panel had stated in unequivocal language that written announcements were not required, it would have been dicta, and therefore not necessarily fatal to Plaintiffs' claims. See Best Life Assur. Co. of Cal. v. C.I.R., 281 F.3d 828, 834

(9th Cir. 2002) ("[A] statement made during the course of delivering a judicial opinion, but one that is unnecessary to the decision in the case [is] not precedential." (internal quotation omitted)). For a panel's reasoning to be transformed into circuit law, the panel must "confront[] an issue germane to the eventual resolution of the case, and resolve[] it after reasoned consideration in a published opinion." Miranda B. v. Kitzhaber, 328 F.3d 1181, 1186 (9th Cir. 2003). The question of whether an announcement must be written was not "germane to the eventual resolution of the case" because that was not the holding of the appealed order and no party was making such an argument before the Ninth Circuit. The excerpted section was not "reasoned consideration" of the question of oral versus written announcement.

With nothing in the Ninth Circuit's ruling directly on point, Plaintiffs were entitled to press their claims in this court. Even though this court was not ultimately persuaded, Plaintiffs' argument was not frivolous. The Rosen Defendants' argument is that this court was bound by the Ninth Circuit's *sub silentio* adoption of a Bankruptcy Court ruling it was not reviewing on a question of law not before it. Moreover, the Rosen Defendants are not merely arguing that their reading of Ninth Circuit case law is correct, but that it is so plainly the *only* permissible reading that any other interpretation is

11

baseless.  In so claiming, the Rosen Defendants more than overstate the law.

The Rosen Defendants' sole objection to the Magistrate Judge's determination is that the Magistrate Judge relied on this court's Gibo and Lima orders with regard to Plaintiffs' section 667-5 claims.  The Rosen Defendants can hardly be surprised that the court concludes that the Magistrate Judge's reasoning was correct and adopts his findings, as well as the recommendation that this is not the "rare and exceptional case" that justifies the imposition of sanctions under Rule 11.  Operating Engineers Pension Trust, 859 F.2d at 1345.

**VI.     CONCLUSION.**

Having reviewed the portions of the F & R objected to, the court adopts all of the Magistrate Judge's findings, as well as the recommendation that the Rosen Defendants' motion for Rule 11 sanctions be denied.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, December 10, 2013.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

David Emory Bald, et al v. Wells Fargo N.A., et al; Civ. No. 13-00135 SOM/KSC; ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION TO DENY MOTION FOR RULE 11 SANCTIONS