IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DAVID EMORY BALD, ET AL., ) | CIVIL NO. 13-00135 SOM-KSC |
| ) | |
|     Plaintiffs, ) | ORDER GRANTING PLAINTIFFS' |
| ) | MOTION FOR LEAVE TO FILE FIRST |
|   vs. ) | AMENDED COMPLAINT |
| ) | |
| WELLS FARGO BANK, N.A., ET ) | |
| AL., ) | |
| ) | |
|     Defendants. ) | |
| _____ ) | |

ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE
TO FILE FIRST AMENDED COMPLAINT

Before the Court is Plaintiffs' Motion for Leave to File First Amended Complaint, filed October 20, 2017. This matter came on for hearing on November 20, 2017. James Bickerton, Esq., John Perkins, Esq., and Bridget Morgan, Esq., appeared on behalf of Plaintiffs. Blaine Rogers, Esq., appeared on behalf of Defendant Wells Fargo Bank, N.A. After careful consideration of the parties' submissions, the applicable law, and the arguments of counsel, the Court HEREBY GRANTS the Motion for the reasons set forth below.

BACKGROUND

Plaintiffs commenced this action on September 7, 2012, in the Circuit Court of the First Circuit, State of Hawaii. On March 20, 2013, Defendant filed a Notice of Removal. Shortly after removal, Defendants filed motions to dismiss.

On July 25, 2013, then Chief U.S. District Judge Susan Oki Mollway issued an Order Granting Defendant's Motion to Dismiss.[1]  Plaintiffs filed an appeal.

On April 24, 2017, the Ninth Circuit reversed the dismissal order and remanded the case for further proceedings.

On May 23, 2017, the first Rule 16 Scheduling Order issued.

## DISCUSSION

Plaintiffs seek to file a First Amended Complaint ("FAC") to add additional plaintiffs to represent the putative class; add additional subclasses; add factual allegations in support of the claims alleged; and remove/modify certain allegations in light of the dismissal of Defendants The Law Office of David B. Rosen and David B. Rosen.

Defendant opposes the requested amendments on grounds of prejudice, undue delay, and futility.  Defendant contends that Plaintiffs should not be permitted to add new claims guised as subclasses or allegations concerning a consent order or consent judgment because the information underlying those claims and allegations were available at the

---

[1] In the interim, Plaintiffs dismissed David Rosen, who had been sued in his professional and personal capacities. His motion to dismiss was therefore denied as moot.

time the action was filed. Defendant also argues that the voluminous discovery necessitated by the proposed amendments, coupled with the passage of time, would be prejudicial. Finally, Defendant submits that the proposed subclass amendments are barred by the statute of limitations.

Rule 15(a)(1) of the Federal Rules of Civil Procedure ("FRCP") provides:

> A party may amend its pleading once as a matter of course within:
>
> (A) 21 days after serving it, or
>
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "This policy is 'to be applied with extreme liberality.'" Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003) (citations omitted). The determination whether a party should be allowed to amend a pleading is left to the discretion of the court. Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330 (1971) (citation omitted). If the facts or circumstances a plaintiff relies

upon may be the basis of relief, she should be afforded an opportunity to test her claim on the merits. Foman v. Davis, 371 U.S. 178, 182 (1962). Furthermore, in exercising its discretion to grant leave to amend, a court "'should be guided by the underlying purpose of Rule 15(a) . . . which was to facilitate decisions on the merits, rather than on technicalities or pleadings.'" In re Morris, 363 F.3d 891, 894 (9th Cir. 2004) (quoting James v. Pliler, 269 F.3d 1124, 1126 (9th Cir. 2001)) (alteration in original).

Courts may consider factors such as: bad faith or dilatory motive on the movant's part; whether the amendment will cause undue delay; whether it will prejudice the opposing party; futility of the amendment; and whether the movant has already failed to cure deficiencies in prior amendments of her pleadings. Foman, 371 U.S. at 182; Morris, 363 F.3d at 894 (citation omitted). Not all of these factors carry equal weight; prejudice to the opposing party is the most persuasive factor. Eminence, 316 F.3d at 1052 (citation omitted). The party opposing the motion for leave to amend bears the burden of establishing prejudice. DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 187 (9th Cir. 1987) (citing Beeck v. Aqua-slide 'N' Dive Corp., 562 F.2d 537, 540 (8th Cir. 1977)). If there is neither prejudice to the opposing party nor a strong

4

showing of the remaining factors, there is a presumption in favor of granting leave to amend. Eminence, 316 F.3d at 1052 (citing Lowrey v. Tex. A&M Univ. Sys., 117 F.3d 242, 245 (5th Cir. 1997)).

"Futility of amendment can, by itself, justify the denial of a motion for leave to amend." Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995). An amendment is futile when "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988) (citation omitted).

Given the extreme liberality with which the Court must apply the policy that leave to amend be freely given, the Court GRANTS the Motion and shall allow Plaintiffs to amend the Complaint as proposed. Although a significant amount of time has passed since the commencement of this action, it is through no fault of Plaintiffs. From a procedural standpoint, this case is in its infancy, and Defendant will have ample opportunity to conduct all necessary discovery and file any appropriate motions to address the newly-added claims/allegations.

In granting this Motion, the Court does not express an opinion about whether the amendments relate back or whether

the relevant limitations periods have been tolled as to the proposed plaintiffs. Those issues are more appropriately the subject of dispositive motions.

Plaintiffs shall file their First Amended Complaint by November 27, 2017.

CONCLUSION

Based on the foregoing, the Court HEREBY GRANTS Plaintiffs' Motion for Leave to File First Amended Complaint, filed October 20, 2017.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, November 20, 2017.



Kevin S.C. Chang
United States Magistrate Judge

CIVIL NO. 13-00135 SOM-KSC; BALD, ET AL. V. WELLS FARGO BANK, N.A., ET AL.; ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT