IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| LIONEL LIMA, JR., et al., individually and on behalf of all others similarly situated, | ) ) ) ) | Civ. No. 12-00509 SOM-WRP |
| | ) | ORDER GRANTING SUMMARY |
| | ) | JUDGMENT IN FAVOR OF |
| Plaintiffs, | ) | DEFENDANT BANKS |
| | ) | |
| vs. | ) | |
| | ) | |
| DEUTSCHE BANK NATIONAL TRUST COMPANY, | ) ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |
| EVELYN JANE GIBO, et al., individually and on behalf of all others similarly situated, | ) ) ) ) | Civ. No. 12-00514 SOM-WRP |
| | ) | ORDER GRANTING SUMMARY |
| | ) | JUDGMENT IN FAVOR OF |
| Plaintiffs, | ) | DEFENDANT BANKS |
| | ) | |
| vs. | ) | |
| | ) | |
| U.S. BANK NATIONAL ASSOCIATION, | ) ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |
| DAVID EMORY BALD, et al., individually and on behalf of all others similarly situated, | ) ) ) ) | Civ. No. 13-00135 SOM-RT |
| | ) | ORDER GRANTING SUMMARY |
| | ) | JUDGMENT IN FAVOR OF |
| | ) | DEFENDANT BANKS |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| WELLS FARGO BANK, N.A., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**ORDER GRANTING SUMMARY JUDGMENT IN FAVOR OF DEFENDANT BANKS**

## I.        INTRODUCTION.

Before the court are three cases that present an identical dispositive issue: 1) *Lima, et al. v. Deutsche Bank National Trust Company*, Civ. No. 12-00509 SOM-WRP; 2) *Gibo, et al. v. U.S. Bank National Association*, Civ. No. 12-00514 SOM-WRP; and 3) *Bald, et al. v. Wells Fargo Bank, N.A.*, Civ. No. 13-00135 SOM-RT.  While the cases have not been consolidated, this court issues a single order for purposes of judicial economy.  This court had previously paused these cases and terminated summary judgment motions filed in each case pending an answer from the Hawaii Supreme Court to a question certified by this court. Having received an answer, this court now reinstates the summary judgment motions (*Lima*, ECF No. 238; *Gibo*, ECF No. 260; *Bald*, ECF No. 170) at the request of the movants ("Defendant Banks").

Each case was styled as a class action arising out of nonjudicial foreclosures in which the respective Plaintiffs claimed that a Defendant Bank from which Plaintiffs had borrowed money failed to follow the requirements for such foreclosures. Plaintiffs asserted claims of wrongful foreclosure and unfair and deceptive acts and practices ("UDAP").  Given the Hawaii Supreme Court's answer to the certified question, there is no genuine issue of fact with respect to Plaintiffs' failure to prove that they sustained damages.  Accordingly, summary judgment is granted

2

in favor of Defendant Banks in all three cases.  Because this court grants summary judgment in favor of Defendant Banks, this court need not reinstate or address the merits of any other motion that had not received a substantive ruling as of the time this court certified its question to the Hawaii Supreme Court. Those other motions are rendered moot by the present order.

**II.      BACKGROUND.**

These three putative class actions[1] have proceeded in a parallel manner.  Filed in 2012 in state court and removed to federal court, these cases have lengthy histories, which the court summarized in its Order Certifying a Question to the Hawaii Supreme Court, 2019 WL 2146585 (D. Haw. May 16, 2019).  That history is incorporated by reference.

There is no dispute that, in each of the three removed cases, Plaintiffs borrowed money from Defendant Banks in connection with real estate holdings.  Nor is there any dispute that each Plaintiff defaulted on his or her mortgage and had significant mortgage debt.  *See Lima et al. v. Deutshe Bank Nat'l Trust Co., et al.,* 2021 WL 4058368, at *8.

Plaintiffs sued their respective banks, asserting violations of the mortgagees' power-of-sale clause, violations of section 667-5 of Hawaii Revised Statutes, and UDAP claims under section 480-2 of Hawaii Revised Statutes.  *Lima,* ECF No. 1-2

---

[1] No class has been certified.

3

(copy of First Amended Complaint attached to Notice of Removal); *Gibo*, ECF No. 1-2 (copy of First Amended Complaint attached to Notice of Removal); *Bald*, ECF No. 1-3 (copy of Complaint attached to Notice of Removal).  In 2013, the court granted motions to dismiss in each case.  *See Lima v. U.S. Nat'l Bank Trust Co, et al.*, 943 F. Supp. 2d 1093 (2013) (Order Granting Defendants' Motions to Dismiss in *Lima* and *Gibo*); *Bald v. Wells Fargo* Bank, 2013 WL 3864449, at *1 (D. Haw. July 25, 2013).  Plaintiffs appealed.

While the three cases were on appeal, the Hawaii Supreme Court decided *Hungate v. Law Office of David B. Rosen*, 139 Haw. 394, 391 P.3d 1 (2017).  In light of *Hungate*, the Ninth Circuit reversed in part and remanded the cases to this court. *Lima, et al. v. Deutsche Bank Nat'l Tr. Co.*, 690 F. App'x 911 (9th Cir. 2017) (consolidated *Lima* and *Gibo* decision); *Bald v. Wells Fargo Bank, N.A.*, 688 F. App'x 472 (9th Cir. 2017).

On remand, this court gave Plaintiffs leave to file amended complaints.  In each amended complaint, Plaintiffs have asserted: (1) a wrongful foreclosure tort claim, and (2) UDAP and unfair method of competition ("UMOC") claims under section 480-2. *See Lima*, ECF No. 182, PageID #s 6550, 6564 (Copy of Second Amended Complaint); *Gibo*, ECF No. 196, PageID #s 6530, 6541 (Copy of Second Amended Complaint); *Bald*, ECF No. 99, PageID # 2604 (Copy of First Amended Complaint).

4

Defendant Banks filed motions for summary judgment in each case, arguing, among numerous other things, that Plaintiffs' claims failed because they could not prove the harm element of either their wrongful foreclosure claim or their section 480-2 claim. *See Lima*, ECF No. 238; *Gibo*, ECF No. 260; *Bald*, ECF No. 170. Defendant Banks argued that, even assuming that they had engaged in the alleged practices and that those practices violated the powers of sale and the statutes governing nonjudicial foreclosure proceedings, Plaintiffs had failed to offer any evidence that they had suffered any harm as a result of the practices. *See Lima*, ECF No. 238-1, PageID #s 10587-10600, 10601-02, 10610-11; *Gibo*, ECF No. 260-1, PageID #s 11081-94, 11095-96, 11104-05; *Bald*, ECF No. 170-1, PageID #s 3295-3300.

Plaintiffs responded that evidence that they had lost title, possession, and the value of their investments sufficed to establish harm and to survive summary judgment. *See Lima*, ECF No. 247, PageID #s 13966-80; *Gibo*, ECF No. 268, PageID #s 13125-39; *Bald*, ECF No. 185, PageID #s 4704-13. Plaintiffs pointed to the foreclosure sales as having deprived them of title to and possession of their properties. According to Plaintiffs, any decrease in a mortgage debt resulting from a foreclosure sale was irrelevant to Plaintiffs' prima facie case and would be in issue at trial only after Defendant Banks' liability had been established. That is, Plaintiffs viewed their delinquent mortgages (which exceeded what the properties sold for at

foreclosure) as only setoffs that Defendant Banks could assert by way of an affirmative defense to damage claims.   Plaintiffs therefore presented no evidence with respect to the effect of the mortgage debt on the monetary value of any lost title and possession, or on the value of their investment.

After a hearing on the summary judgment motions, this court certified the following question to the Hawaii Supreme Court:

> When (a) a borrower has indisputably defaulted on a mortgage for real property, (b) a lender has conducted a nonjudicial foreclosure sale but has not strictly complied with the requirements governing such sales, and (c) the borrower sues the lender over that noncompliance after the foreclosure sale and, if the property was purchased at foreclosure by the lender, after any subsequent sale to a third-party purchaser, may the borrower establish the requisite harm for liability purposes under the law of wrongful foreclosure and/or section 480-2 of Hawai`i Revised Statutes by demonstrating the loss of title, possession, and/or investments in the property without regard to the effect of the mortgage on those items?

See 2019 WL 2146585 at *1.

This court noted:

> The gist of the above question may be restated (assuming but not including the underlying factual predicates) as a question about which party has the burden of proof:
>
> > Is the effect of the mortgage considered only as a matter of setoff that a lender has the burden of proving after the borrower establishes the amount of the borrower's damages, or does a

6

> borrower with no preforeclosure
> rights in property except as
> encumbered by a mortgage bear the
> burden of accounting for the effect
> of the mortgage in establishing the
> element of harm in the liability
> case?

*Id.*

In Footnote 7 of this court's certified question, this court noted that Plaintiffs had "phrased" their section 480-2 claims as both UDAP and UMOC claims, but that they had not made separate arguments distinguishing their UDAP claims from their UMOC claims. *Id.* at *4 n.7. This court therefore treated the UDAP and UMOC claims as UDAP claims, stating that Plaintiffs' claims were for the tort of wrongful foreclosure and UDAP in violation of section 480-2. *Id.* at *1. Plaintiffs have not challenged this characterization, and the Hawaii Supreme Court and this court have treated Plaintiffs' UDAP and UMOC claims as merged and as subject to UDAP principles.

This court stayed proceedings in each case and terminated the respective motions for summary judgment pending an answer from the Hawaii Supreme Court, telling the parties that they could reinstate the motions for summary judgment by informing the court in writing that the motions should be reinstated. *Id.* at *14.

On September 3, 2021, the Hawaii Supreme Court answered the certified question. *See Lima et al. v. Deutshe Bank Nat'l Trust Co., et al.*, 2021 WL 4058368. The Hawaii Supreme Court

7

noted that Plaintiffs had not directly addressed this court's certified question and had instead argued that Defendant Banks bore the burden of demonstrating the impact of the mortgage debt. *Id.* at *3.

The Hawaii Supreme Court began its analysis by noting that Plaintiffs bore the burden of establishing all necessary elements of their claims. *Id.* at *5. It then stated:

> Plaintiff Borrowers raised two claims in the underlying proceedings: a wrongful foreclosure claim and a UDAP claim. In order to establish a prima facie case that Defendant Banks are liable for wrongful foreclosure, Plaintiff Borrowers must establish "(1) a legal duty owed to the mortgagor by the foreclosing party; (2) a breach of that duty; (3) a causal connection between the breach of that duty and the injury sustained; and (4) damages." *Bank of America, N.A. v. Reyes-Toledo*, 143 Hawai`i 249, 264 n.12, 428 P.3d 761, 776 n.12 (2018). To establish a prima facie case for a UDAP claim, Plaintiff Borrowers must establish "(1) either that the defendant violated the UDAP statute (or that its actions are deemed to violate the UDAP statute by another statute), (2) that the consumer was injured as a result of the violation, and (3) the amount of damages sustained as a result of the UDAP violation." *Kawakami v. Kahala Hotel Investors, LLC*, 142 Hawai`i 507, 519, 421 P.3d 1277, 1289 (2018) (citations omitted). Thus, in order to survive a motion for summary judgment on their claims, Plaintiff Borrowers must adduce evidence that they have suffered damages. *See Exotics Hawai`i-Kona[, Ind. v. E.I. Du Pont De Nemours & Co.]*, 116 Hawai`i at 302, 172 P.3d at 1046

2021 WL 4058368, at *5.

8

The Hawaii Supreme Court ruled that Plaintiffs were required to demonstrate a right to compensatory damages for their wrongful foreclosure and section 480-2 claims.  Nominal and punitive damages were not enough, by themselves, to satisfy the harm element of the claims.  *Id.* at *6.  The Hawaii Supreme Court concluded that Plaintiffs' identified damages of interest, loss-of-use payments, and past payments, were insufficient under Hawaii law to establish that they had sustained damages, given their failure to account for their mortgage debts.  *Id.* at *7. According to the Hawaii Supreme Court, Plaintiffs "must make a prima facie case that their requested damages will restore them to their pre-tort position to survive summary judgment." *Id.*

Plaintiffs who did not account for their pre-tort positions (which involved having defaulted on their loans and owing substantial debt to Defendant Banks) would not satisfy the damage elements of their claims.  *Id.*  Plaintiffs had conceded that, prior to the nonjudicial foreclosures, their properties had been encumbered by mortgages that they were unable to repay.  The Hawaii Supreme Court held that those debts had to be considered as part of what Plaintiffs' positions were before any alleged injury.  *Id.* at *8.  "Plaintiff Borrowers' failure to account for such sums makes it impossible for the trier of fact to determine what damages would restore Plaintiff Borrowers to their pre-foreclosure positions." *Id.*  In other words, Plaintiffs had the burden of demonstrating that, after accounting for the effect

9

of their mortgages, they had suffered compensable harm.  *Id.* at *10.  Plaintiffs' failure to meet that burden is dispositive, or, as the Hawaii Supreme Court put it, "determinative of the cause." *See id.* at *5.

On October 4, 2021, Defendant Banks asked this court to reinstate their summary judgment motions and to grant their summary judgment motions in light of the Hawaii Supreme Court's answer to the certified question.  *See Lima*, ECF No. 328; *Gibo*, ECF No. 335; *Bald*, ECF No. 233.  On October 4, 2021, Plaintiffs similarly stated that the court "should have all the facts and law that it needs to rule on all the pending motions."  *See Lima*, ECF No. 327, PageID # 18018; *Gibo*, ECF No. 334, PageID #16096; *Bald*, ECF No. 234, PageID # 6753.  These filings make it clear that the parties agree that the record is complete and that no further submissions are necessary for this court to rule. Plaintiffs have made no attempt to account for their mortgage debt in opposing the present motions, a fatal omission under the reasoning presented by the Hawaii Supreme Court in its response to this court's certified question.  It appears that Plaintiffs cannot establish their damages when their mortgage debt is taken into account.

In their submissions on October 4, 2021, Plaintiffs suggest that this court order a settlement conference.  Parties are always free without a court order to seek a settlement conference, usually with a magistrate judge.  This court notes

that the parties have been engaged in some settlement discussions, as shown by the series of orders removing class members because of partial settlements.  In fact, this court had wondered whether the parties on their own might have been discussing settlement of these three cases as a whole in the month since the Hawaii Supreme Court issued its order.  If not, this case has run so long that conclusion by way of prompt order seems the best way to proceed at this point.

**III.     SUMMARY JUDGMENT STANDARD.**

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment shall be granted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  *See Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000).  Summary judgment movants must support their position concerning whether a material fact is genuinely disputed by either "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for the purposes of the motion only), admissions, interrogatory answers, or other materials"; or "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."  Fed. R. Civ. P. 56(c).  One of the principal purposes of summary judgment is to identify

and dispose of factually unsupported claims and defenses.
*Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).

Summary judgment must be granted against a party that
fails to demonstrate facts to establish what will be an essential
element at trial.  *See id.* at 323.  A moving party without the
ultimate burden of persuasion at trial--usually, but not always,
the defendant--has both the initial burden of production and the
ultimate burden of persuasion on a motion for summary judgment.
*Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102
(9th Cir. 2000).

The burden initially falls on the moving party to
identify for the court those "portions of the materials on file
that it believes demonstrate the absence of any genuine issue of
material fact."  *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors
Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) (citing *Celotex Corp.*,
477 U.S. at 323).  "When the moving party has carried its burden
under Rule 56(c), its opponent must do more than simply show that
there is some metaphysical doubt as to the material facts."
*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574,
586 (1986) (footnote omitted).

The nonmoving party may not rely on the mere
allegations in the pleadings and instead must set forth specific
facts showing that there is a genuine issue for trial.  *T.W.
Elec. Serv.*, 809 F.2d at 630.  At least some "'significant
probative evidence tending to support the complaint'" must be

produced.  *Id.* (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.,* 391 U.S. 253, 290 (1968)).

## IV.        ANALYSIS.

Given the Hawaii Supreme Court's answer to this court's certified question, the analysis with respect to Defendant Banks' motions for summary judgment (*Lima*, ECF No. 238; *Gibo*, ECF No. 260; *Bald*, ECF No. 170) is straightforward.  Plaintiffs have not put forth any evidence demonstrating that, when their outstanding debt is taken into account, they can prove compensatory damages.  Under the Hawai Supreme Court's guidance, Plaintiffs cannot survive Defendant Banks' motions for summary judgment.  Accordingly, summary judgment is granted in favor of Defendant Banks.

As the Hawaii Supreme Court noted, Plaintiffs have the burden of demonstrating every element of their wrongful foreclosure and section 480-2 claims, including the existence of the compensable damages they sustained.  2021 WL 4058368, at *5-*6.  At best, Plaintiffs have identified damages arising out of interest, loss-of-use payments, and past payments.  But, the Hawaii Supreme Court notes, these are not sufficient to establish Plaintiffs' damages under the circumstances.  *Id.* at *7.  Plaintiffs have never denied that, prior to the nonjudicial foreclosures, their properties were encumbered by mortgages that they could not repay.  Those debts were part of their financial circumstances before any injury, and it was their obligation to

13

account for those debts in their case in chief. *Id.* at *7-*8. The Hawaii Supreme Court has made clear that the failure to meet that obligation is determinative of the summary judgment motions. Plaintiffs cannot raise a genuine issue of fact with respect to compensatory damages without showing that, when their debts are taken into account, they have suffered harm.

With the Hawaii Supreme Court's answer to this court's certified question in hand, Plaintiffs are not asserting that they can establish damages even if they account for their mortgage debts. Under these circumstances, Plaintiffs' wrongful foreclosure and section 480-2 claims fail for want of evidence concerning their damages.

Summary judgment is granted in favor of Defendant Banks.

**V.      CONCLUSION.**

The motions for summary judgment (*Lima*, ECF No. 238; *Gibo*, ECF No. 260; *Bald*, ECF No. 170) are reinstated and granted. The Clerk of Court is directed to enter judgment in favor of the Defendant Banks and to close these cases.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, October 8, 2021.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

*Lima, et al. v. Deutsche Bank National Trust Company*, Civ. No. 12-00509 SOM-WRP; *Gibo, et al. v. U.S. Bank National Association*, Civ. No. 12-00514 SOM-WRP; and *Bald, et al. v. Wells Fargo Bank, N.A.*, Civ. No. 13-00135 SOM-RT; ORDER GRANTING SUMMARY JUDGMENT IN FAVOR OF DEFENDANT BANKS